```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
PATRICK HUERTAS, as                :
Administrator of the Estate of     :
Juan Huertas, Deceased,            :
                                   :
                Plaintiff,         :      MEMORANDUM & ORDER
                                   :
        -against-                  :      05 Civ. 6236 (DLC)(MHD)
                                   :
THE CITY OF NEW YORK, THE          :
NEW YORK CITY POLICE DEPARTMENT    :
and JOHN DOE (fictitious name      :
used to describe police officer    :
who shot Juan Huertas on June      :
20, 2004),                         :
                                   :
                Defendants.        :
----------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

This matter was originally referred to me to conduct settlement discussions. Soon thereafter, plaintiff expressed unhappiness with the performance of his attorney, and asked for leave to replace him. Since both client and counsel by that time shared a desire to be rid of each other, the District Court relieved plaintiff's attorney, but by its order dated May 15, 2006 the court directed that replacement counsel was to file a notice of appearance by June 9, 2006 or the case might be dismissed. The basis for this directive was the legal principle that an administrator of an estate -- the capacity in which plaintiff was appearing in the case -- may not appear unless represented by counsel. (May 15, 2006 Order (citing Pridgen v. Andresen, 113 F.3d

1

391, 393 (2d Cir. 1997)).

On or about May 31, 2006 plaintiff communicated to the District Court by letter, voicing his frustration at being unable to secure possession of his outgoing attorney's file of the case. Plaintiff appeared to indicate that his lack of access to the file was frustrating his ability to hire a new lawyer. Outgoing counsel in turn indicated, by letter to the court, that he was holding onto the file to preserve whatever liens he might have for fees and expenses that plaintiff owed him. The District Court then referred this set of issues to me, by order dated June 5, 2006, in which the court instructed plaintiff to contact our chambers for assistance. That order also reiterated that the scheduling order of May 15, 2006 -- which set the June 9, 2006 deadline for new counsel -- remained in effect.

In the next few days we received various correspondence on the fee issue, including a letter from an attorney named Robert Simels, Esq., whom plaintiff had apparently identified as possibly being his soon-to-be-named new attorney. In his letter to the court, however, Mr. Simels disclaimed any current intention to appear for plaintiff in the lawsuit, and advised that at that stage he was simply assisting Mr. Huertas in seeking the case file from outgoing counsel. (June 7, 2006 letter to the Court from Robert M. Simels.

2

Esq.).

On June 12, 2006 we finally received a letter from plaintiff seeking assistance in getting his file from his prior attorney and suggesting that he could not retain a new attorney without access to that file. We scheduled a conference for July 7, 2006[1] and in the meantime issued an order directing outgoing counsel to provide to plaintiff by June 19, 2006 a list "of the charges . . . that he is claiming to be protected by his retaining lien." We further warned plaintiff that since he had not met the June 9 deadline for obtaining replacement counsel, he faced the real possibility that his case would be dismissed. (Order dated June 13, 2006).

In belated compliance with this court's order, outgoing counsel supplied the list of his disbursements by letter dated June 20, 2006. (Letter to the Court from Michael S. Paulonis, Esq.). At the conference on July 7, 2006 and by subsequent written order, we ordered that plaintiff pay the documented disbursements of outgoing counsel by July 14, 2006 and directed counsel to release the file to a proposed substituted attorney to be designated by plaintiff by July 21, 2006. (See July 7, 2006 Order). We also issued a protective order to ensure that any prospective attorney who

---

[1] The extended period before the conference was attributable to scheduling conflicts.

reviewed documents in the file that were designated as confidential would be obliged to protect them from disclosure. (See July 12, 2006 Protective Order).

It appears that plaintiff sent payment for disbursements to his former counsel at some point around July 10, 2005 (see Letter dated July 10, 2006 from Mr. Patrick Huertas to Michael S. Paulonis, Esq.), and designated Mr. Simels as the attorney to whom the file was to be transmitted. By letter dated July 19, 2006, outgoing counsel transmitted to Mr. Simels copies of the pertinent orders, including the protective order and the form that he was required to sign under the protective order. (See July 19, 2006 letter from Michael S. Paulonis, Esq. to Robert M. Simels. Esq.). He further advised Mr. Simels that upon signing the necessary form, he could arrange to pick up the file. (Id.).

On July 25, 2006 we received the signed protective-order form from Mr. Simels. Assuming that Mr. Simels had obtained, or was about to obtain, the case file, we issued an order that directed plaintiff to arrange for the filing of a notice of appearance by a new attorney by no later than August 17, 2006 or face dismissal of the case. (Order dated July 25, 2006).

Since that time we have heard nothing further directly from

4

plaintiff, nor have we received any indication that a new attorney has appeared for plaintiff. Instead, on August 17, 2006 we received a letter from Mr. Simels, indicating that he had not received the case file until August 2, 2006 and that he had not yet completed reviewing it. He reported that he was still not in a position to determine whether to appear in the case for plaintiff and that he had advised plaintiff to consider retaining someone else. He further suggested to the court that it extend the deadline from August 17 to September 11, 2006 for plaintiff to obtain new counsel, leaving unclear whether it would be him or someone else. Defendants have now responded, and urged that no further extensions be granted, noting in particular the potential prejudice to defendants from this delay. (August 21, 2006 letter to the Court from Ass't Corp. Counsel Alan H. Scheiner).

We recognize that access to the case file was necessary for plaintiff to obtain new counsel, and that such access was considerably delayed, albeit in major part because plaintiff failed to recognize his obligation to pay outgoing counsel for out-of-pocket expenses.[2] We further recognize that the attorney who he apparently thought would take the case has taken a fairly long time

---

[2] In fairness, we also note that outgoing counsel apparently failed to make clear to his former client either the nature of his responsibility for payment or a specification of what amounts were owed until directed to do so by the court.

5

to review what is concededly a voluminous file. Balancing the concern with giving plaintiff a reasonable opportunity to pursue this litigation against the danger of prejudice properly cited by defendants' counsel, we conclude that one final brief additional extension of time, to September 11, 2006, for the filing of a notice of appearance is justified. No further extensions will be granted, and we will proceed to issue an appropriate report and recommendation forthwith if no appearance has been filed by the close of business on September 11.

Dated: New York, New York
       August 22, 2006

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Mr. Patrick Huertas
163-45 130th Street
Apt. 13B
Jamaica, New York 11434

Alan Scheiner, Esq.
Assistant Corporation Counsel
　　for the City of New York
100 Church Street
New York, New York 10007

Robert M. Simels, Esq.
1735 York Avenue
Suite 35C
New York, New York 10128