```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
PATRICK HUERTAS, as Administrator of     :
the Estate of JUAN HUERTAS, Deceased,    :
                         Plaintiff,      :      05 Civ. 6236
                                         :       (DLC)(MHD)
           -v-                           :
                                         :      MEMORANDUM
THE CITY OF NEW YORK, THE NEW YORK CITY  :      OPINION & ORDER
POLICE DEPARTMENT, and "JOHN DOE"        :
(fictitious name used to describe        :
Police Officer who shot Plaintiff on     :
June 20, 2004),                          :
                         Defendants.     :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

Patrick Huertas ("Huertas"), as administrator of his brother Juan Huertas's estate, filed this action on July 7, 2005 to recover under 28 U.S.C. § 1983 for Juan Huertas's 2004 shooting death.  On May 15, 2006, having received notice from Huertas that he had fired his attorneys and needed time to retain new counsel, this Court issued an Order directing Huertas to have new counsel file a notice of appearance by June 9.  The Court further advised Huertas that the case may be dismissed otherwise, since an administrator of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.  See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).  A fee dispute between Huertas and his outgoing counsel was subsequently referred to Magistrate Judge Dollinger,

and in resolving the dispute, the deadline for the filing of a notice of appearance by new counsel was extended to September 11. After the deadline passed without notice of appearance or any communication from Huertas, Judge Dollinger filed a Report and Recommendation on September 18 (the "Report"), recommending the complaint be dismissed without prejudice for failure to prosecute and violation of court orders.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a de novo determination of the portions of the report to which petitioner objects. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "The referring district judge may accept those portions of the magistrate judge's report and recommendation to which no specific written objections are made, provided there is no clear error on the face of the record." Doe v. Goord, No. 04 Civ. 570 (GBD), 2006 WL 1041130, at *2 (S.D.N.Y. Apr. 18, 2006). An objection which is "devoid of any reference to specific findings or recommendations" and is "unsupported by legal authority," however, does not preserve the claim. Mario v. P & C Foods, Inc., 313 F.3d 758, 766 (2d Cir. 2002).

Huertas submitted an objection after the Report's issuance that merely restates conclusions without support from any legal

authority and does not specifically refer to any portion of the Report. Such "perfunctory" objections cannot preserve his claims, and the Report is reviewed under the clear error standard. <u>Guerrero v. Tracey</u>, 425 F. Supp. 2d 434, 436 (S.D.N.Y. 2006) (citation omitted). This Court identifies no clear error in the Report.

## Conclusion

The Report is adopted in full and the complaint is dismissed without prejudice. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         November 27, 2006

                               /s/ Denise Cote
                               DENISE COTE
                        United States District Judge

COPIES SENT TO:

Patrick Huertas
163-45 130th Ave, #13B
Jamaica, NY 11434